**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**ODIS LUMPKIN, II**                                        **CIVIL ACTION NO. 12-3013**
**FED. REG. NO. 83431-004**                           **SECTION P**

**VS.**                                                                   **JUDGE MINALDI**

**CHARLES E. SAMUEL, JR.,**
**DIRCTOR OF THE BUREAU OF PRISONS**          **MAGISTRATE JUDGE KAY**

<u>**REPORT AND RECOMMENDATION**</u>

*Pro se* petitioner Odis Lumpkin filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on December 3, 2012. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is currently incarcerated at FDC-Miami; however, at the time of filing he was incarcerated at the Federal Correctional Institution, Oakdale, Louisiana (FCIO).  He names BOP Director Charles E. Samuel, Jr., as his defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

On December 17, 2010, the United States District Court, Southern District of Florida (Miami) sentenced petitioner to 90 months incarceration on multiple counts of possession with intent to distribute cocaine and for possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).[1]  On December 22, 2011, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  On March 11, 2013, the district court denied his motion to vacate.

---

[1] *USA v. Lumpkin*, 1:10-cr-20485, U.S. District Court, Southern District of Florida(Miami);

In his current petition, petitioner states that he "has sought to participate in the substance abuse program pursuant to 18 U.S.C. § 3621(e), and following his successful completion of such program, Lumpkin seeks to be credited the one-year early release from his sentence."  Doc. 1, p. 4.  However, petitioner contends that his constitutional rights are being violated as BOP Policy Statement 5162.05 excludes him from receiving early release credit due to his 18 U.S.C. § 924(c) conviction.  More specifically, he states that 5162.05 violates the Administrative Procedure Act (APA) as it was not properly published for public comment before its enactment.  Thus, petitioner claims that 5162.05 is not enforceable against him and that it cannot be used to exclude him from the one-year early release credit.

Petitioner also claims that 5162.05 does not apply to him as, despite his guilty plea and conviction under 18 U.S.C. § 924(c), he did not actually own, intentionally possess, nor carry the firearm for which he was convicted.

Petitioner claims that he has fully exhausted all administrative remedies in regard to this matter.  For the purposes of this Report and Recommendation, the court assumes the validity of such statement.

As relief for the above, petitioner asks "this court to order the BOP to allow him the one-year early release from his sentence following his successful completion of the substance abuse program."  Doc. 1, p. 6.

### *Law and Analysis*

Petitioner argues he should not be subject to the BOP's categorical exclusion from § 3621's sentence reduction credit because (1) the defendant failed to comply with the APA and (2) petitioner did not meet the requite elements for a conviction under 18 U.S.C. § 924. Doc. 1, p. 6–7.

Petitioner's first claim that 5162.05 violates APA because it was not properly published for public comment before its enactment fails.  The APA requires that rules promulgated by administrative agencies undergo certain procedures unless those rules are interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice.  Generally agencies issue interpretive rules to clarify or explain existing law or regulations so as to advise the public of the agency's construction of the rules it administers.  A program statement is an "internal agency guideline ... which is akin to an interpretive rule that do[es] not require notice and comment." *Reno v. Koray*, 515 U.S. 50, 61 (1995) (internal quotation marks and citation omitted).   Therefore, because BOP Policy Statement 5162.05 is a program statement it should be treated as an interpretive rule, and is not subject to the requirements of APA. As a result, Lumpkin is not entitled to relief on this basis, as it is within the discretion of the BOP to exclude him from early release.

Even if petitioner was entitled to relief based on the above analysis, petitioner is still not eligible for early release.  Section 3621 of Title 18, *United States Code*, empowers the BOP to grant a discretionary sentence reduction not exceeding one year to an inmate convicted of a nonviolent felony who successfully completes a program of residential substance abuse treatment.  Petitioner was convicted of a crime of violence as defined in BOP Program Statement 5162.05, and he is ineligible for a sentence reduction.  Even in the event he was convicted of a nonviolent offense, he would not ***necessarily*** be eligible for early release upon the completion of a residential substance abuse treatment program. The Supreme Court has interpreted Section 3621 to mean that "the Bureau ... has the authority, but not the duty ... to reduce [the prisoner's] term of imprisonment" if the prisoner successfully completes drug treatment. *Lopez v. Davis*, 531 U.S. 230, 241 (2001). *Lopez* held that the BOP has the discretion to exclude inmates from early

release either categorically or on a case-by-case basis. *Id*. at 244.  Consequently, Lumpkin is not entitled to relief on this basis, as it would be within the discretion of the BOP to exclude him from early release.

Petitioner's second claim is also without merit, namely that he was wrongly convicted of the firearms charge.   *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241, the statute under which plaintiff has filed, are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr*. 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255.  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).  This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate.  He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time.  Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction.

Therefore,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE.**

**Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.**

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 30th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE