RECEIVED
IN LAKE CHARLES, LA.

JUL 11 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| ODIS LUMPKIN, II<br>83431-004<br>VS. | CIVIL ACTION NO. 2:12-CV-3013<br>SECTION P |
| CHARLES E. SAMUEL, JR.,<br>DIRECTOR OF THE BUREA OF PRISONS | JUDGE MINALDI<br>MAGISTRATE JUDGE KAY |

## JUDGMENT

There being no objection to the proposed findings of fact and conclusions of law in the Report and Recommendation [Doc. 7] of the Magistrate Judge previously filed herein, these findings and conclusions are accepted. Alternatively, this court concludes that the proposed findings and conclusions are entirely correct.[1] Accordingly,

**IT IS ORDERED** that the petitioner's application for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Lake Charles, Louisiana, this the ___ day of _July_, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] The undersigned notes that, on page 4 of the Report and Recommendation, the Magistrate Judge cites *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), for the elements a petitioner must demonstrate in order to show a motion to vacate remedy under 28 U.S.C. § 2255 is inadequate: "...the claim *is based was foreclosed* by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion." (emphasis added). While the Magistrate Judge's analysis on whether a section 2255 remedy was inadequate or ineffective was ultimately correct, the text should have read "the claim *was foreclosed* by circuit law at the time when the claim should have been raised at trial, appeal or first section 2255 motion."